JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Aaliyah Abdullah appeals from her conviction for assault, in violation of R.C. 2903.13(A), following a bench trial. As she left a nightclub at 2:30 a.m., Abdullah argued and fought with the victim. Abdullah struck her in the eye. While leaving the scene, Abdullah's automobile struck the victim's body or leg.
Abdullah was indicted for two counts of felonious assault. In count one, the state alleged that Abdullah had knowingly caused or attempted to cause physical harm to her victim with a motor vehicle, a deadly weapon, in violation of 2903.11(A)(2). In count two, the state alleged that Abdullah had knowingly caused serious physical harm to the victim, in violation of R.C. 2903.11(A)(1). The trial court acquitted Abdullah of count one, but found her guilty of the lesser-included offense of assault, a first-degree misdemeanor, in count two. The trial court sentenced her to a suspended six-month period of confinement, ordered her to make restitution to the victim, and suspended her driver's license subject to work and family-emergency privileges.
Abdullah argues that the trial court erred in finding her guilty of the lesser-included offense of assault for attacking the victim with her fists, when the indictment and the bill of particulars did not place her on notice that she was charged with any offenses resulting from the fistfight.
Assault pursuant to R.C. 2903.13(A) is a lesser-included offense of felonious assault under R.C. 2903.11(A)(1) as alleged in count two. SeeState v. Brundage, 1st Dist. No. C-030632, 2004-Ohio-6436, at ¶ 15. While the bill of particulars primarily addressed Abdullah's "running over [the victim] in a motor vehicle," it also expressly incorporated the allegations of the indictment. The second count of the indictment, without reference to a motor vehicle, alleged sufficient facts to alert Abdullah that her conduct generally constituted a violation of R.C.2903.11(A)(1) by causing or attempting to cause physical harm. Moreover, the unrebutted facts at trial, including the victim's testimony and the testimony of the emergency room physician treating the victim and a defense witness, as well as Abdullah's closing argument, all acknowledged that the state had contended that Abdullah struck the victim in the eye. She was not surprised.
Abdullah next challenges the weight and the sufficiency of the evidence. Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.
The trial court found that Abdullah did cause physical harm to the victim, but largely adopted Abdullah's theory that she did not knowingly cause physical harm to the victim by striking her with an automobile. As the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine, see State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus, the trial court, in resolving conflicts in the testimony, could properly have acquitted Abdullah of felonious assault in count one and found her guilty of the lesser-included offense of assault in count two.
The record also contains substantial, credible evidence from which the trial court could have reasonably concluded that the state had not proved all elements of felonious assault in counts one and two but had proved beyond a reasonable doubt the lesser-included offense of assault in count two. See State v. Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.